## Mills, &c. vs. Peed, &c.

### ERROR TO MASON CIRCUIT.

1. In general the relation of landlord and tenant is destroyed by a judgment of eviction against the tenant by a superior title, even without actual eviction, and the tenant may purchase in the better title for his protection; but such is not the case where successful resistance could have been made to the recovery, or the tenant has neglected to give to his landlord notice of the suit for possession.

2. Where a tenant, holding the dower interest, permit judgment to go against him for the possession by default, "the heir, or they to whom the reversion belongeth after the death of the tenant," for life, "shall, in no wise be injured by such default or surrender," (1. Stat. Law. 582,) unless the judgment could not have been resisted.

Judge CRENSHAW delivered the opinion of the court.

This suit was instituted in the Mason circuit court by the heirs of John Nichols, after the death of his widow, against Peed &c., to recover eighty acres of land, part of a survey of eight hundred acres patented to William McConnell in 1798. After the death of John Nichols the land in controversy was assigned to his widow for dower. This dower interest was sold and conveyed by her to Isaac Proctor, and by him was sold and conveyed to Robert Barnes, and it was afterwards acquired by James Ginn under Barnes. Ginn being in possession under the claim of Mrs. Nichols, was sued in ejectment in 1817, and judgment recovered against him by default, by those holding under a patent of older date than McConnell's, issued to Wood & Fox in 1787. Ginn then purchased the title of the elder patentees, and this title is now set up by the defendants, who claim under Ginn, in opposition to a recovery by the heirs of John Nichols, the plaintiffs in this suit. And the main question is, whether, under the circumstances developed in the cause, it shall be allowed to the defendants, who claim under Ginn, to set up the elder title acquired by him under Wood & Fox, after said judgment of eviction in 1817.

Ginn having acquired title and possession under Mrs. Nichols, the dowress, it is clear that, after the death of the dowress in 1849, Ginn's vendees could not only rely upon the elder conflicting grant to Wood & Fox, in opposition to a recovery by the heirs of John Nichols, had not judgment of eviction been recovered against Ginn by the elder patentees—they would be estopped to deny the title under which Ginn entered.

As a general rule, a judgment of eviction destroys the relation of the tenant to the title under which he entered, and he or his vendees is then permitted, even without waiting actual eviction, to purchase another title for his protection and for his own benefit, and

MILLS, &c.
vs.
PEED, &c.

October 3.
Case stated.

1. In general, the relation of landlord and tenant is destroyed by a judgment of eviction against the tenant by a

MILLS, &c.
*vs.*
PEED, &c.

superior title, even without actual eviction, and the tenant may purchase in the better title for his protection; but such is not the case where successful resistance could have been made to the recovery, or the tenant has neglegted to give to his landlord notice of the suit for possession.

to set up that title in opposition to that under which he gained the possession.

But, if at the time the action of ejectment is commenced, in which the judgment of eviction is recovered, there have been twenty years continued adverse possession in the tenant, and those under whom he claims, and successful resistance can be made to a recovery under the elder grant, is it not the duty of the tenant to defend, and not permit judgment to be taken against him by default, or, at least, to show when sued by those under whose title he entered, that he notified his landlord or the reversioners of the pendency of the suit against him, in which judgment of eviction was recovered, before he shall be permitted to shelter himself under his purchase of the adversary title? In the case of *Gore v. Stephens*, 1 *Dana*, 203, cited by the attorney of the defendants, in which it is said that Benjamin Gore, the tenant, who had been sued by the elder patentee, had a right in that suit to confess judgment, and destroy the relation which he bore to his landlord, and take shelter under the adversary claim, there is nothing which conduced to show that successful defense might have been made by him—there having been not more than six or seven years possession under the junior grant. But whether, in ordinary cases, where it appears that successful resistance might have been made to a recovery by the elder patentee, it would or not be the duty of the tenant to show that he had in good faith made defense, or at least, that he had notified his landlord, or those in remainder or reversion, of the suit against him for possession, before he or his vendees should be allowed to take shelter under the elder grant in an action by those holding the title under which the tenant entered, we think that, in the present case, the defendants ought not to be allowed thus to shelter themselves, if, at the commencement of the suit against Ginn, in which the judgment of eviction was recovered, there had been in him and those under

whom he claimed, a continued adversary possession for twenty years.

By the 3rd section of an act of 1798, 1st Stat. Laws, 582, it is provided that: "If tenant in dower, tenant by the courtesy, or otherwise, for term of life, or by gift, where the reversion is reserved, do make default, or will give up, the heirs, or they unto whom the reversion belongeth, shall be admitted to their answer, if they come before judgment ; and, if upon such default or surrender, judgment happen to be given, then the heir, or they unto whom the reversion belongeth after the death of such tenants, shall, in nowise, be injured by such default or surrender."

In this case, it appears that the tenant, Ginn, was tenant for life of the dower interest of Mrs. Nichols, and suffered judgment to go against him *by default* at the suit of the elder patentees, and then purchased in the elder title, and this title, thus acquired, and possession under it, is now relied upon as a defense to the action of the heirs, and, if allowed to prevail, in and of itself, independently of any other consideration, it might work an injury to them which is expressly provided against by the statute. If, however, Ginn and those under whom he entered upon the land, had not had twenty years continued adverse possession, at the commencement of the action of ejectment against him by Wood, &c., then the plaintiffs in that action had a right to recover, and the heirs of Nichols could not have been injured by Ginn's permitting judgment to be taken by default. The testimony, we think, conduced to show that there had been such possession, and the court erred in excluding this enquiry from the jury.

The principles of this opinion render it unnecesary to notice in detail the multitude of instructions asked by the plaintiffs, and refused by the court, or the almost equal number asked by the defendants and given by the court. It is sufficient to say, that none of the instructions given at the instance of the defendants, embrace the enquiry which we have mentioned;

*Margin note:*

MILLS, &c.
*vs.*
PEED, &c.

2. Where a tenant, holding the dower interest, permit judgment to go against him for the possession by default, "the heir, or they to whom the reversion belongeth after the death of the tenant," for life, "shall, in no wise be injured by such default or surrender," (1 Stat. Law, 582,) unless the judgment could not have been resisted.

but authorized the jury to find for the defendants, whatever may have been the fact in regard to the length of possession by Ginn and those under whom he claimed, at the commencement of the suit in ejectment in which judgment was had by default.

It is not important that we say anything upon the question of fraud agitated in the court below, inasmuch as the judgment of eviction against Ginn, and his purchase of the elder title, is available or not to the defendants accordingly as the fact may be in regard to the length of possession under the junior grant at the commencement of the suit of Wood & Fox. If there had been, at that time, twenty years continued possession under the junior grant, the judgment by default is not allowed by the statute to prejudice the right acquired thereby, and if, at that time, there had been no such possession, then the judgment by default could not injure the heirs.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, and for further proceedings in conformity to this opinion.

HARLAN, METCALFE and HORD for plaintiffs; H. TAYLOR for defendants.

